UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMAR ONEIL LEWIS,

    Petitioner,

-vs-                                          Case No. 6:14-cv-199-Orl-28KRS
                                           (Criminal Case No.: 6:10-cr-16-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

Petitioner initiated this action by filing a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1). He then filed a Supplement (Doc. No. 2), which appears to include additional claims than those raised in his initial section 2255 motion. Under the circumstances, the Court finds that, since Petitioner's claims are presented in a disjointed fashion and since the Government has not yet filed a response, Petitioner must file an amended section 2255 motion, which shall include all of his claims in one pleading.[1]

---

[1] If a prisoner amends his § 2255 motion after the statute of limitations expires, any new claims are untimely unless they relate back under Federal Rule of Civil Procedure 15(c) to one of the claims in the original motion/petition. *See Espinosa v. United States*, 330 Fed. App'x 889, 891 (11th Cir. 2009) ("When a petitioner files a timely § 2255 motion, and then later files an untimely amended or supplemental motion that raises additional claims, the untimely claims are barred by the statute of limitations unless they 'relate back' to the original motion under" Rule 15(c)). A claim "relates

Within twenty-one (21) days from the date of this Order, Petitioner shall file an amended section 2255 motion on the approved section 2255 motion form. The Clerk of the Court is directed to provide Petitioner with the appropriate section 2255 motion form. Petitioner shall include *all* of his claims in the amended section 2255 motion. The amended section 2255 motion shall supersede his prior section 2255 motion, and this case will then proceed with regard to the claims raised in the amended section 2255 motion only. *See* Local Rule 4.01 (an amended pleading must incorporate all amendments). Any claims not included therein will be deemed waived or abandoned by Petitioner. If Petitioner fails to file an amended section 2255 motion within the time-period specified above, this case will be dismissed without further notice.

**DONE AND ORDERED** in Orlando, Florida, this 13 day of February, 2014.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-2 2/12
Omar Oneil Lewis

---

back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). An untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (quotations omitted) (citations omitted). The Court is not making a determination as this time as to whether any new claims raised in the amended petition will be deemed timely.