UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OMAR ONEIL LEWIS,

    Petitioner,

v.                                                Case No: 6:14-cv-199-Orl-28KRS
                                                            (6:10-cr-16-Orl-28KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court following an evidentiary hearing held on March 18, 2016, with regard to the Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 4) (the "Amended Motion to Vacate") filed by Petitioner, Omar Oneil Lewis, pursuant to 28 U.S.C. § 2255. In particular, the evidentiary hearing concerned Lewis' claim that counsel rendered ineffective assistance by failing to file an appeal after being requested to do so. The Court previously reserved ruling on the merits of all remaining claims in the Amended Motion to Vacate pending the evidentiary hearing. (Doc. 14).

### I.    Procedural Background

The procedural background of this case is set forth in the Court's Order of October 29, 2015, and is incorporated herein. (Doc. 14).

## II.   Testimony of The Witnesses

At the evidentiary hearing, John Notari, who represented Lewis at sentencing, testified on behalf of the Government. Lewis testified on his own behalf.

Notari testified that he did not recall discussing an appeal with Lewis and that he did not recall Lewis asking him to file an appeal. Lewis, on the other hand, testified that, after sentencing, he told Notari that he wanted him to file an appeal.

## IV.   Findings of Fact and Conclusions of Law

In *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), the United States Supreme Court determined that the ineffective assistance of counsel test in *Strickland*[1] applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. The *Roe* Court also recognized the long established rule that "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Id.* (citations omitted). The case law is clear that such an omission would be prejudicial to Lewis, even absent a showing of any viable grounds for appeal. *Martin v. United States*, 81 F.3d 1083, 1084 (11th Cir. 1996) ("[A] defendant is prejudiced where his attorney fails to file an appeal after being requested to do so, even after the defendant pled guilty. In this situation, the defendant is entitled to an out-of-

---

[1]The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88.

time-appeal, even without showing whether or not there are any viable grounds for such an appeal.").

Assessing the weight of the evidence and the credibility of witnesses is reserved for the Court. *See Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1559 (11th Cir. 1988) ("Assessing the weight of evidence and credibility of witnesses is reserved for the trier of fact."). After a careful weighing of the evidence, this Court finds that the testimony presented by Lewis as to the facts is credible. Notari did not recall discussing an appeal with Lewis and does not remember whether Lewis asked him to file an appeal. Lewis testified that he does remember requesting Notari to pursue an appeal.

The Court finds that Lewis instructed Notari to file a notice of appeal. Such notice was not filed. Therefore, this Court finds that Notari's performance regarding the filing of the notice of appeal fell below an objective standard of reasonableness.

Having determined that Notari's inaction regarding the filing of a notice of appeal was unreasonable under the *Strickland* standard and having been directed that under such circumstances no showing of prejudice is required, Lewis is entitled to have his § 2255 motion granted as to his claim that counsel rendered ineffective assistance by failing to file an appeal after being requested to do so.

The Court notes that the Eleventh Circuit Court of Appeals set forth the procedure courts must follow when allowing such appeals in *United States v. Phillips*, 225 F.3d 1198 (11th Cir. 2000): (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be

3

informed of all of his rights associated with filing an appeal of his re-imposed sentence; and (4) movant should be advised that he has 14 days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b) (1)(A)(i) of the Federal Rules of Appellate Procedure. *Id.* at 1201.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Lewis' Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. 4) is **GRANTED** with regard to his claim that counsel rendered ineffective assistance by failing to file an appeal after being requested to do so (claim one).

2. All remaining claims are **DENIED** without prejudice.

3. The Clerk of the Court is directed to terminate the Motion to Vacate, Set Aside, or Correct Sentence pending in criminal case number 6:10-cr-16-Orl-28KRS (Criminal Case Doc. 100) and to file a copy of this Order in the criminal case.

4. The Judgment in the underlying criminal case, 6:10-cr-16-Orl-28KRS, is vacated. Petitioner is re-sentenced to the same sentence as originally imposed in the original Judgment, and the Clerk of the Court is directed to enter an Amended Judgment imposing the same terms as originally imposed. It is the intent of the Court that Lewis be given credit toward this sentence for the time that he has already served.

5. As Lewis has clearly indicated his desire to pursue an appeal, the Clerk of the Court is directed to prepare and file a Notice of Appeal from the Amended Judgment in the criminal case with the Eleventh Circuit Court of Appeals on Lewis' behalf. Fed. R. Crim. P. 32(j)(2). Such notice shall be filed within 14 days from the date of entry of the

Amended Judgment. *See* Fed. R. App. P. 4(b)(1)(A). Lewis' counsel, William Park, shall ensure that a timely notice of appeal is filed.

      6.    Mr. Park is hereby appointed as counsel on behalf of Lewis for his direct appeal.

      7.    The Clerk of the Court is directed to close this case.

**DONE and ORDERED** in Orlando, Florida on April 5, 2016.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
OrlP-2 4/5